# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **PRISONER MANDAMUS** |
| Plaintiff, | : | **28 U.S.C. § 1361** |
| | : | |
| v. | : | |
| | : | |
| **SOO SONG, US Attorney, et al.,** | : | **CIVIL ACTION NO.** |
| Defendants. | : | **1:17-CV-2694-WSD-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Frederick Banks, Federal Bureau of Prisons Register Number 05711068, who states that he currently is confined in the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio, has submitted a *pro se* mandamus action, as amended, against various entities, persons, and governmental officials.

Plaintiff states that he is an international recording artist, business owner, and famous litigator who has prevailed in over ninety-six federal decisions. (Compl. at 2, ECF No. 1.) In this action, Plaintiff contends that the Federal Bureau of Investigations set him up and that officials wrongly confined him by asserting that he is mentally ill, fabricated files so that he could be made to look dangerous, and riddled his public record with defamatory lies. (Compl.; Am. Compl., ECF No. 2.) Plaintiff states that

he is in imminent danger because there was a recent stabbing at the NEOCC and because officials have not taken proper precautions to avoid future stabbings. (Am. Comp. at 1.)

Section § 1915(g) of Title 28 does not allow a prisoner to bring an *in forma pauperis* civil action in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." When § 1915(g) does not allow a prisoner to proceed *in forma pauperis*, the complaint should be dismissed without prejudice, and, a prisoner wishing to pursue his or her claims, must refile the action with full payment of the filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff, while incarcerated, has filed at least three civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See* Order, *Banks v. Hornak*, No. 5:16-ct-3160-BO (E.D.N.C. July 19, 2016) (listing cases and citing *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 586 n.1 (W.D. Pa. 2008)), ECF No. 4. Plaintiff's statement that a stabbing occurred at the NEOCC does not indicate that Plaintiff was endangered at that time or indicate that Plaintiff (or any inmate) currently

2

AO 72A
(Rev.8/82)

is in imminent danger. *See Oliver v. Warden*, 669 Fed. Appx. 518, 518 (11th Cir. Sept. 22, 2016) ("[T]hat a prisoner faced an imminent danger sometime in the past is insufficient." (citing *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999))). Further, the alleged failure to take proper precautions after the stabbing is too vague to demonstrate an imminent threat of danger. Plaintiff shows no action by a named defendant that places him in imminent threat of serious injury. This case is due to be dismissed.

**IT IS RECOMMENDED** that Plaintiff be **DENIED** *in forma pauperis* status and that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 1st day of August, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)