# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **FREDERICK BANKS,** | |
| **Plaintiff,** | |
| v. | 1:17-cv-2694-WSD |
| **SOO SONG, US Attorney, et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] ("R&R"), recommending that Plaintiff Frederick Banks ("Plaintiff") be denied *in forma pauperis* status and this action be dismissed without prejudice.

On July 17, 2017, Plaintiff, proceeding *pro se*, filed his Complaint [1] for mandamus relief against various entities, persons, and governmental officials. Plaintiff states that he is a prisoner currently confined in the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio. On July 21, 2017, Plaintiff's Amended Complaint [2] was filed on the docket.

On August 1, 2017, the Magistrate Judge issued his R&R, recommending that this action be dismissed under 28 U.S.C. § 1915(g) because Plaintiff did not

pay the filing fee before filing his Complaint and he cannot proceed *in forma pauperis* because he filed, while incarcerated, more than three civil actions that have been dismissed as frivolous, malicious, or for failure to state a viable claim. (R&R at 2-3). Plaintiff has not filed objections to the R&R, and thus the Court reviews it for plain error. See United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

A prisoner may not bring a civil action in federal court, without paying the filing fee, "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). This is known as the "three strikes" provision. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Where the three strikes rule does not allow a prisoner to proceed *in forma pauperis*, his complaint should be dismissed without prejudice. See id.

The Magistrate Judge found that Plaintiff's Complaint should be dismissed because Plaintiff, while incarcerated, filed at least three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. See Order [4],

2

Banks v. Hornak, No. 5:16-ct-3160-BO (E.D.N.C. July 19, 2016) (listing cases and citing Banks v. Cty. of Allegheny, 568 F. Supp. 2d 579, 586 n.1 (W.D. Pa. 2008)). The Magistrate Judge also found that Plaintiff does not demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court finds no plain error in the Magistrate Judge's determinations or recommendation, and this action is dismissed without prejudice. See 28 U.S.C. § 1915(g).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 5th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE